JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ka Yan Danise Mok, Ph.D

**DEFENDANTS**

Trustees Of The University Of Pennsylvania

**(b)** County of Residence of First Listed Plaintiff   Arlington County, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq., Console Mattiacci Law, LLC
1525 Locust St., 9th Fl., Philadelphia, PA 19102 (215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.

Brief description of cause:
Discrimination on the basis of sexual orientation, gender identity, and religious beliefs. Retaliation for complaining of the same.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
10/01/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Arlington, VA _____

Address of Defendant: _____ Philadelphia, PA 19106 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA 19106 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/01/2021 _____ _____ 319145

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*      **B.**   *Diversity Jurisdiction Cases:*

| | | | |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☑ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Brian C. Farrell _____, counsel of record *or* pro se plaintiff, do hereby certify:

   ☒   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

   ☒   Relief other than monetary damages is sought.

DATE: 10/01/2021 _____ _____ 319145

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Ka Yan Danise Mok, Ph.D. | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Trustees Of The University Of Pennsylvania | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 10/01/2021 | | Plaintiff, Ka Yan Danise Mok, Ph.D |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **KA YAN DANISE MOK, Ph.D.** | : |
|  | : |
| **Plaintiff,** | : |
|  | : |
| **v.** | : **CIVIL ACTION NO.** |
|  | : |
|  | : |
|  | : |
| **TRUSTEES OF THE UNIVERSITY** | : |
| **OF PENNSYLVANIA,** | : **JURY TRIAL DEMANDED** |
|  | : |
| **Defendant.** | : |
|  | : |

## <u>COMPLAINT</u>

## I.   <u>PRELIMINARY STATEMENT</u>

Plaintiff, Ka Yan Danise Mok, Ph.D. ("Plaintiff" or "Dr. Mok"), through her undersigned counsel, files this Civil Action Complaint against her former employer, Trustees of the University of Pennsylvania ("Defendant" or "Penn"). Dr. Mok asserts claims of discrimination based on sexual orientation, gender identity, religious beliefs, and retaliation against Penn under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1100, *et seq.* ("PFPO").

Dr. Mok seeks all available damages, including economic loss, compensatory damages for emotional distress, and punitive damages, along with all other relief under applicable federal and state law as this Court deems appropriate.

## II.   <u>PARTIES</u>

1.      Dr. Mok is an individual and resident of the United States. Dr. Mok currently lives

in Arlington, Virginia.

2.      The Trustees of the University of Pennsylvania, operating as the University of Pennsylvania, is a private educational institution comprised of twelve schools, including Arts & Sciences, among others.

3.      Penn is located in Philadelphia, Pennsylvania.

4.      At all times relevant to this Complaint, Penn was an employer under Title VII, the PHRA, and the PFPO.

5.      At all times relevant to this Complaint, Dr. Mok was an employee of Penn under Title VII, the PHRA, and the PFPO.

6.      At all times relevant to this Complaint, Penn acted by and through its authorized agents, workers, and/or employees acting within the course and scope of their employment with Penn.

III.    **JURISDICTION AND VENUE**

7.      The causes of action set forth in this Complaint arise under the Title VII (Count I-II); the PHRA (Counts III-IV); and the PFPO (Counts V-VI).

8.      The District Court has subject matter jurisdiction over Counts I-II (Title VII) under 28 U.S.C. §1331.

9.      The District Court has supplemental jurisdiction over Counts III-IV (PHRA) and Counts V-VI (PFPO) under 28 U.S.C. §1367.

10.     Penn is subject to the personal jurisdiction of this Court because, among other things, the case arises out of or relates to Penn's contacts with Pennsylvania, and the contacts of Penn are continuous and systematic such that Penn is considered at home in Pennsylvania.

11.     Venue is proper under 28 U.S.C. § 1391(b).

12.     On or about June 1, 2020, Dr. Mok dual filed a Charge of Discrimination with the Philadelphia Commission on Human Relations ("PCHR") and the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein. Attached, incorporated herein, and marked as Exhibit "A" is a true and correct copy of Dr. Mok's PCHR Charge of Discrimination, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

13.     On or about July 7, 2021, the EEOC issued to Dr. Mok a Dismissal and Notice of Right to Sue. Attached and marked as Exhibit "B" is a true and correct copy of that Notice, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

14.     The PCHR issued its Dismissal and Notice of Rights to Dr. Mok on September 24, 2021.

15.     Dr. Mok has complied with all administrative requirements for the institution of this civil action.

**IV.     FACTUAL ALLEGATIONS**

16.     Dr. Mok is a licensed psychologist who specializes in providing mental health treatment to members of the LGBTQIA+ community.

17.     Dr. Mok obtained her Ph.D. in Psychology from Brigham Young University ("BYU") in 2019.

18.     Dr. Mok identifies as genderqueer/ gender nonconforming and queer. "Genderqueer" and "gender nonconforming" are terms to describe gender identity. They entail defining one's identity in way that does not align with heterosexual or homosexual norms. Genderqueer individuals such as Dr. Mok often experience their gender as fluid, meaning it can shift or change at any given time. "Queer" is a term to denote one's sexual orientation and sexual

3

identity. Queer individuals typically do not identify as straight or cis-gender.

19.     By way of further background, Dr. Mok was raised in the Mormon faith. Before her employment with Penn, Dr. Mok began a faith transition to agnosticism. When she started working for Penn, Dr. Mok furthered her faith transition and openly identified as agnostic. Dr. Mok also incorporated her faith transition into her clinical psychology work.

20.     On or about August 1, 2018, Dr. Mok accepted a position as a pre-doctoral intern with Penn in its Counseling and Psychological Services ("CAPS") program. At that time, Dr. Mok was still working to complete her Ph.D. with BYU.

21.     As pre-doctoral intern in Penn's CAPS program, Dr. Mok worked as part of a multidisciplinary clinical team to provide patients with intake assessment, telephone consultations, walk-in crisis prevention, individual, and group therapy, along with overall case management. Dr. Mok also worked with patients on psychological issues related to identity development, faith transition, and social justice and advocacy.

22.     While in the CAPS program, Dr. Mok reported to Soumya Madabhushi, Ph.D ("Dr. Madabhushi"), a Staff Psychologist and the Outreach Training Coordinator for CAPS.

23.     While in the CAPS program, Dr. Mok disclosed her gender identity, sexual orientation, and religious identity to her supervisors and co-workers, including Dr. Madabushi. Furthermore, Dr. Mok actively consulted Dr. Madabhushi about her professional decision to disclose her identities in connection with her clinical work.

24.     At all times relevant to this Complaint, Penn was aware of Dr. Mok's gender identity (genderqueer/ gender nonconforming), sexual orientation (queer), and religious identity (agnostic).

25.     As a result of her exemplary performance in the CAPS program, Penn offered Dr.

Mok employment as a postdoctoral fellowship position following her completion of her Ph.D.

26.     Dr. Mok accepted Penn's employment offer and began working for Penn as a postdoctoral fellow on or about August 23, 2019.

27.     In this role, Dr. Mok reported to Dr. Madabhushi and Cyndy Boyd, Ph.D. ("Dr. Boyd"), Psychologist and Director of Training.

28.     A few months after starting the fellowship, on or about October 16, 2019, Dr. Mok applied for a full-time position as a Staff Psychologist in Penn's Counseling and Psychological Services department.

29.     On or about December 9, 2019, Michal Saraf, PsyD ("Dr. Saraf"), Senior Clinical Director in Penn's Counseling and Psychological Services department, requested to meet with Dr. Mok about her job application.

30.     During their meeting, which occurred on or about December 10, 2019, Dr. Saraf rejected Dr. Mok's application for the Staff Psychologist position and informed her that Penn would not even permit Dr. Mok to interview.

31.      Dr. Saraf's basis for rejecting Dr. Mok was that Penn's "selection committee" for the Staff Psychologist position had "reservations regarding [Dr. Mok's] identities." Dr. Saraf elaborated that "some" of Dr. Mok's identities were "newer" and had "only started once [Dr. Mok] came to Penn."

32.     Dr. Saraf also told Dr. Mok that Penn's decision to reject her job application was not based on Dr. Mok's work performance.

33.     Dr. Saraf's comments to Dr. Mok during their December 10, 2019 meeting represent an admission by Penn that it rejected Dr. Mok's application for discriminatory reasons.

34.     Later that week, Dr. Mok registered a complaint of discrimination with her

supervisors, Drs. Madabhushi and Boyd, based on Dr. Saraf's comments and reasons for rejecting her application.

35.     Upon information and belief, Dr. Boyd and Dr. Madabhushi failed to investigate Dr. Mok's complaint of discrimination in good faith.

36.     Dr. Mok filed her charge of discrimination with the PCHR and EEOC on or about June 1, 2020.

37.     Following Penn's receipt of Dr. Mok's charge, Penn subjected Dr. Mok to retaliation for asserting her rights under Title VII, the PHRA, and the PFPO.

38.     During a meeting in late August 2020, Dr. Boyd accosted Dr. Mok about her charge of discrimination, stating:

- "I feel betrayed by you.";

- "What are you expecting? To be hired?"

- "What did you want me to do? I had no power."

- That she and Dr. Madabhushi might "lose their jobs" because of Dr. Mok's charge of discrimination;

- That Dr. Mok was "making a lot of assumptions" in her charge of discrimination, thereby implying that Dr. Mok had fabricated the relevant facts.

39.     Dr. Boyd's comments were retaliatory and would cause reasonable people who have had their civil rights violated, like Dr. Mok, to be deterred from engaging in protected activity under Title VII, the PHRA, and the PFPO.

40.     In or about September 2020, Dr. Mok's term as a post-doctoral fellow with Penn ended. Dr. Mok subsequently accepted a Staff Psychologist position at American University, where she remains currently employed.

41.     Dr. Mok's gender identity (genderqueer/ gender nonconforming) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire into/ rejecting her application for the Staff Psychologist position.

42.     Dr. Mok's sexual orientation (queer) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

43.     Dr. Mok's religious identity (Agnostic) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her/ into rejecting her application for the Staff Psychologist position.

44.     As a direct and proximate result of Penn's discriminatory and retaliatory conduct, Dr. Mok has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

45.     Penn acted with malice, reckless indifference, and/or deliberate indifference to Dr. Mok's protected rights.

**COUNT I – Title VII**
**(Disparate Treatment)**
**Plaintiff v. Defendant**

46.     Dr. Mok incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

47.     Dr. Mok's gender identity (genderqueer/ gender nonconforming) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

48.     Dr. Mok's sexual orientation (queer) was a motivating and/or determinative factor

7

in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

49.    Dr. Mok's religious identity (Agnostic) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

50.    By committing the foregoing acts of discrimination against Dr. Mok, Penn has violated Title VII.

51.    As a direct and proximate result of Penn's discriminatory conduct, Dr. Mok has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

52.    Penn acted intentionally, and with malice and/or reckless indifference to Dr. Mok's rights, and its conduct warrants the imposition of punitive damages.

**COUNT II – Title VII**
**(Retaliation)**
**Plaintiff v. Defendant**

53.    Dr. Mok incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

54.    Penn retaliated against Dr. Mok because of Dr. Mok's complaints of discrimination.

55.    Penn's actions would cause reasonable people who have had their civil rights violated, like Dr. Mok, to be deterred engaging in protected activity under Title VII

56.    By committing the foregoing acts of retaliation against Dr. Mok, Penn has violated Title VII.

57.    As a direct and proximate result of Penn's violation of the Title VII, Dr. Mok has

suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Dr. Mok is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Penn's retaliatory acts unless and until this Court grants the relief requested herein.

58.     Penn acted intentionally and with malice and/or reckless indifference to Dr. Mok's rights, and its conduct warrants the imposition of punitive damages.

## COUNT III – PHRA
### (Disparate Treatment)
### Plaintiff v. Defendant

59.     Dr. Mok incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

60.     Dr. Mok's gender identity (genderqueer/ gender nonconforming) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

61.     Dr. Mok's sexual orientation (queer) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

62.     Dr. Mok's religious identity (Agnostic) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

63.     By committing the foregoing acts of discrimination against Dr. Mok, Penn has violated the PHRA.

64.     As a direct and proximate result of Penn's discriminatory conduct, Dr. Mok has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and

loss of life's pleasures, the full extent of which is not known at this time.

### COUNT IV – PHRA
#### (Retaliation)
#### Plaintiff v. Defendant

65.     Dr. Mok incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     Penn retaliated against Dr. Mok because of Dr. Mok's complaints of discrimination.

67.     Penn's actions would cause reasonable people who have had their civil rights violated, like Dr. Mok, to be deterred engaging in protected activity under the PHRA.

68.     By committing the foregoing acts of retaliation against Dr. Mok, Penn has violated the PHRA.

69.     As a direct and proximate result of Penn's violation of the PHRA, Dr. Mok has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Dr. Mok is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Penn's retaliatory acts unless and until this Court grants the relief requested herein.

### COUNT V – PFPO
#### (Disparate Treatment)
#### Plaintiff v. Defendant

70.     Dr. Mok incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

71.     Dr. Mok's gender identity (genderqueer/ gender nonconforming) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

72.     Dr. Mok's sexual orientation (queer) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/

rejecting her application for the Staff Psychologist position.

73.     Dr. Mok's religious identity (Agnostic) was a motivating and/or determinative factor in connection with Penn's discriminatory treatment of her, including failing to hire her into/ rejecting her application for the Staff Psychologist position.

74.     By committing the foregoing acts of discrimination against Dr. Mok, Penn has violated the PFPO.

75.     As a direct and proximate result of Penn's discriminatory conduct, Dr. Mok has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

76.     Penn acted intentionally and with malice and/or reckless indifference to Dr. Mok's rights, and its conduct warrants the imposition of punitive damages.

## COUNT VI – PFPO
### (Retaliation)
### Plaintiff v. Defendant

77.     Dr. Mok incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

78.     Penn retaliated against Dr. Mok because of Dr. Mok's complaints of discrimination.

79.     Penn's actions would cause reasonable people who have had their civil rights violated, like Dr. Mok, to be deterred engaging in protected activity under the PFPO.

80.     By committing the foregoing acts of retaliation against Dr. Mok, Penn has violated the PFPO.

81.     As a direct and proximate result of Penn's violation of the PFPO, Dr. Mok has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Dr.

Mok is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Penn's retaliatory acts unless and until this Court grants the relief requested herein.

82.     Penn acted intentionally and with malice and/or reckless indifference to Dr. Mok's rights, and its conduct warrants the imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ka Yan Danise Mok, Ph.D., respectfully requests that this Court enter judgment in her favor and against Defendant, Trustees of the University of Pennsylvania, by

A.     Declaring the acts and practices complained of herein to be a violation of the Title VII of the Civil Rights Act of 1964;

B.     Declaring the acts and practices complained of herein to be a violation of the Pennsylvania Human Relations Act;

C.     Declaring the acts and practices complained of herein to be a violation of the Philadelphia Fair Practices Ordinance;

D.     Awarding to Dr. Mok compensation for all past and future pecuniary losses resulting from Defendant's illegal actions, including, but not limited to, lost earnings, lost earnings growth potential, all compensation and benefits lost due to the actions of Defendant, all out-of-pocket losses, as well as an award of front pay;

E.     Awarding to Dr. Mok compensatory damages for all past and future non-pecuniary damages resulting from Defendant's illegal actions, including, without limitation, emotional distress, mental anguish, humiliation, and reputational harm;

F.     Awarding to Dr. Mok punitive damages for Defendant's malicious and reckless conduct as described herein;

G.     Awarding to Dr. Mok all costs of this action, together with reasonable attorneys' fees;

H.      Awarding to Dr. Mok prejudgment interest;

I.      Awarding to Dr. Mok the sum necessary to make up for any adverse tax consequences incurred by her as result of any judgment entered in this matter; and

J.      Awarding to Dr. Mok such additional relief as the Court deems just and proper under the circumstances.

## **JURY TRIAL DEMANDED**

Dr. Mok requests a jury trial on each of the Counts in this Complaint.

**CONSOLE MATTIACCI LAW, LLC**

By: /s/ Brian C. Farrell
Brian C. Farrell, Esquire
Console Mattiacci Law, LLC
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2851 (fax)
farrell@consolelaw.com
Attorney for Plaintiff, Ka Yan Danise Mok

Date: October 1, 2021

# Exhibit "A"

# CITY OF PHILADELPHIA

## COMMISSION ON HUMAN RELATIONS

### <u>COMPLAINT</u>

KA YAN DANISE MOK,
            **Complainant,**

            vs.

TRUSTEES OF UNIVERSITY OF
PENNSYLVANIA,
            **Respondent.**

:
:
:
:
:
:
:
:
:
:
:

DOCKET NO. 2020-06-03-3616
EEOC Docket# : 176-2021-00039C

1.   The Complainant herein is:

   NAME        :   Ka Yan Danise Mok

   ADDRESS     :   ███████████████████████

2.   The Respondent herein is:

   NAME        :   Trustees of University of Pennsylvania

   ADDRESS     :   3451 Walnut Street, Room 310
                   Philadelphia, PA 19104

3.   The Complainant alleges that prior to and continuing until on or about December 10, 2019, the Respondent, through its agents, servants and employees, subjected the Complainant to discrimination based on her gender identity (Genderqueer/Gender Nonconforming), sexual orientation (Queer), and religious identity (Agnostic).  The Complainant further alleges that the Respondent subjected her sex discrimination through

1

sex stereotyping, ultimately resulting in a failure to hire.  The facts in support of these
allegations are as follows:

(a)     The Complainant, a thirty-two (32) year old individual, has been employed
        by the Respondent beginning on or about August 1, 2018 through the
        present.

(b)     Upon commencing employment with Respondent, Complainant held the
        position Predoctoral Intern.  As a result of her exemplary work
        performance, Respondent offered Complainant a Postdoctoral Fellowship
        position beginning on or about August 23, 2019.  At all times relevant
        hereto, Complainant has maintained an excellent job performance rating in
        said capacities.

(c)     By way of background, Complainant has a Ph.D. in Psychology.  In her
        capacity as a Postdoctoral Fellow, Complainant is part of Respondent's
        Counseling and Psychological Services ("CAPS") program.  In said
        program, Complainant specializes in multicultural counseling, gender,
        LGBTQIA+, identity development, trauma, working with first
        generation/immigrant/international students, mindfulness, faith transition,
        and social justice and advocacy.

(d)     By way of further background, Complainant was raised in the Mormon
        faith.  Prior to her predoctoral internship, Complainant began the process of
        a faith transition.  In connection thereto, during her employment with the
        Respondent, Complainant furthered her faith transition and openly
        identified as Agnostic.  Importantly, Complainant incorporated her faith
        transition into her clinical psychology work.

(e)     By way of further background, Complainant identifies as
        Genderqueer/Gender Nonconforming and Queer.  During her predoctoral
        internship, Complainant disclosed her identities and shared her coming out
        experience in professional training settings.  Moreover, Complainant is a
        co-leader of the University's GENESIS group, a supportive, process-
        oriented group for undergraduate students and graduate students exploring
        gender identity and gender issues.  Complainant actively consulted with her
        supervisor, Dr. Soumya Madabhushi ("Dr. Madabhushi"), Clinical
        Supervisor, about her professional decision to disclose her identities in
        connection with her clinical work.

2

(f)     At all times material herein, Respondent was aware of Complainant's gender identity (Genderqueer/Gender Nonconforming), sexual orientation (Queer), and religious identity (Agnostic).

(g)     On or about October 16, 2019, Complainant applied for a full-time position as a Staff Psychologist in Respondent's Counseling and Psychological Services department.

(h)     On or about December 9, 2019, Dr. Michal Saraf ("Dr. Saraf"), Senior Clinical Director, requested to meet with Complainant.

(i)     In connection thereto, on or about December 10, 2019, Complainant met with Dr. Saraf.  During said meeting, Dr. Saraf rejected Complainant's application for the Staff Psychologist position and informed her that Respondent would not permit Complainant to interview for the said position.  In a blatant act of discrimination, Dr. Saraf stated that the selection committee had "reservations regarding [Complainant's] identities."  Dr. Saraf elaborated that "some" of Complainant's identities were "newer" and had "only started once [Complainant] came to Penn," further evidencing Dr. Saraf's discriminatory bias towards Complainant.

(j)     During the said meeting, Dr. Saraf explained that Respondent's decision was not based on her work performance and assured Complainant that she had done nothing wrong.

(k)     That same week, Complainant registered a complaint of discrimination with her supervisors, Dr. Madabhushi and Dr. Cyndy Boyd ("Dr. Boyd"), Director of Training.  Upon information and belief, Dr. Boyd and Dr. Madabhushi failed and refused to investigate or take any remedial measures.

(l)     The Complainant believes and avers that the Respondent failed to hire her based on her gender identity (Genderqueer/Gender Nonconforming) and/or her failure to conform to traditional sex stereotypes and/or her sexual orientation (Queer) and/or her religious identity (Agnostic).

**WHEREFORE**, the Complainant believes and avers that the actions of the

Respondent were discriminatory in nature, in violation the Philadelphia Fair Practices

Ordinance, the Pennsylvania Human Relations Act ("PHRA"), and Title VII of the Civil

Rights Act of 1964 and 1991, as amended.

3

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities. I wish to dual file this Complaint with the Equal Employment Opportunity Commission.

1 / Jun / 2020
DATE

KA YAN DANISE MOK

# Exhibit "B"

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

To: Ka Yan Danise Mok

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17G-2021-00039 | **Damon A. Johnson,** **State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred _more than 2 years (3 years)_ before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Dana R Hutter*

**Dana R. Hutter,**
**Deputy Director**

July 7, 2021

*(Date Issued)*

cc:

For Respondent:
Helen Logan
**Sr. Admin of Legal Services**
University of Pennsylvania
Via email: helen.logan@ogc.upenn.edu

For Charging Party:
Brian C. Farrell, Esq.
**CONSOLE MATTIACCI LAW**
Via email: farrell@consolelaw.com